|  |  |
|---|---|
| CHARM FLORAL, a Hong Kong entity; RAYMOND CHO, a resident of California, <br><br> Plaintiffs, <br><br> v. <br><br> WALD IMPORTS, LTD., a Washington corporation; LOUIS R. WALD, and the marital community of Louis Wald and Julie Wald, Washington residents, <br><br> Defendants. | CASE NO. C10-1550-RSM <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WALD'S MOTION FOR SUMMARY JUDGMENT |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

## I. INTRODUCTION

This matter comes before the Court on Defendant Wald's Motion for Summary Judgment. Dkt. 24. Plaintiffs Charm Floral and Raymond Cho ("Plaintiffs") bring claims for breach of contract, judgment on a promissory note, breaches of fiduciary duties, and fraudulent transfers against Wald Imports, Limited ("WIL") and the marital community of Louis and Julie Wald ("Wald" or "Defendants").

## II. BACKGROUND

For approximately thirty years, Plaintiff Charm Floral acted as a buying agent in China for WIL. Charm Floral is a sole proprietorship owned and operated by Plaintiff Cho. Louis Wald owns sixty-eight percent of WIL and sits on its board of directors. Plaintiff Cho owns twenty-seven percent of WIL and was one of three directors until January 2010, at which time Plaintiff Cho's directorship was terminated.

The business relationship soured in 2009 after the parties began to dispute payment terms and Defendants came to believe they had been overcharged by Plaintiffs. Prior to the dissolution of the parties' business relationship, Defendants had requested that outstanding debt on pending invoices owed to Plaintiffs be converted to a promissory note. Plaintiffs have alleged that Defendants intentionally ran up a debt that they never intended to pay. However, according to Defendants, the alleged overcharge exceeded the value of the debt.

Meanwhile, in 2009, Defendant Wald transferred money from WIL into his personal accounts. Defendant Wald contends he returned all transferred funds. However, Plaintiffs contend that Defendant Wald's accounting of his use of WIL's assets is incomplete. Plaintiffs contend that Defendant Wald is personally liable for the transfers as he is an alter ego of Defendant WIL. Defendant Wald also made loans to WIL, and granted himself and his family security interests in the company's assets.

Plaintiffs now seek to collect on their promissory note and have alleged that fraudulent transfers and breaches of fiduciary duties have "gutted" the company and harmed Plaintiffs in their capacity as shareholders and creditors of WIL. Defendant now moves for summary judgment on claims for fraudulent transfers and breach of fiduciary duties.

# III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FRCP 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. See *F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994). In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing O'Melveny & Meyers, 969 F.2d at 747). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248.

# IV. DISCUSSION

## A. Fraudulent Transfer Claims

Plaintiffs bring claims for alleged fraudulent transfers pursuant to RCW 19.40.041 and RCW 19.40.051. Under the former provision, a defendant is liable for "actual" fraudulent transfers which were intended to defraud creditors. The latter provision imposes liability for "constructive" transfers in which the company did not receive reasonably equivalent value and a defendant reasonably should have believed that the company would be left with an inability to pay its debts. *Douglas v. Hill*, 148 Wn. App. 760 (2009). Moreover, a plaintiff bringing a claim for constructive transfers under RCW 19.40.051 must show that the company in question was insolvent.

Defendants contend that they are entitled to summary judgment on the fraudulent transfer claims because all of the alleged transfers have been repaid to WIL. However, Plaintiffs contend

that issues of material fact remain. Specifically, Plaintiffs have sought a full accounting of Defendant Wald's use of WIL's assets, which they have not received. As such, there remains an issue of material fact as to the completeness and accuracy of Defendants' representations that they have fully reimbursed the funds transferred from WIL.

Furthermore, in order to bring a claim under RCW 19.40.051, Plaintiffs must show that WIL was insolvent. The Court finds that there are substantial factual issues outstanding concerning the solvency of WIL. Defendants contend that WIL's assets exceeded its debts by $714, 918 in 2009, prior to the initiation of this lawsuit. Plaintiffs counter that Defendants incorrectly included in their calculations assets that Defendant Wald allegedly transferred from WIL. The parties also dispute the extent to which the disputed debt to Plaintiffs should be included in the balance sheet. Finally, the parties dispute whether WIL was able to pay its debts as they came due. Therefore, issues of material fact as to WIL's solvency remain, and the fraudulent transfer claims cannot be presently resolved on summary judgment.

**B. Breaches of Fiduciary Duty**

Plaintiffs allege several breaches of fiduciary duty arising from the alleged improper conduct of Defendants, including the personal use of company assets and the plan to run-up unpaid orders from Plaintiff Charm Floral.

Washington law recognizes that "as a fiduciary, the officer or director has a strong influence on how the corporation conducts its affairs, and a correspondingly strong duty not to conduct those affairs to the detriment of others, such as minority shareholders or creditors, who also have legitimate interests in the corporation but lack the power of the fiduciary." *Saviano v. Westport Amusements*, Inc., 144 Wn. App. 72, 79 (2008) (quoting *Intertherm, Inc. v. Olympic Homes Sys., Inc.*, 569 S.W.2d 467, 471 (Tenn. App. 1978)).

1. Self-dealing Transactions

With regard to the alleged self-dealing transactions that involve personal use of company assets, the Court has already concluded that issues of fact remain as to accounting for personal transfers from WIL to Defendant Wald in the context of the fraudulent transfer claims. Furthermore, Defendant Wald, in his capacity as a director and majority shareholder of a closely held corporation, owes Plaintiff Cho a fiduciary duty due to his status as a minority shareholder. *Gentile v. Roseete*, 906 A.2d 91, 103 (Del. 2006). Therefore, summary judgment cannot be granted as to the claim for breach of fiduciary duty arising from Defendant Wald's personal use of company assets. Similarly, the granting of loans and security interests without the knowledge of the board of directors and expressly contrary to the bylaws may constitute a breach of fiduciary duty, and as such Defendants' Motion for Summary Judgment cannot be granted as to this issue. *Agronic Corp. of Am. v. deBough*, 21 Wn. App. 459, 462 (1978).

2. Alleged Plan to Increase Debt

Plaintiffs allege that Defendants were engaged in a scheme to increase purchases from Plaintiff Charm Floral, while intending to avoid payment, thereby running up a debt Defendants allegedly never intended to pay. According to Plaintiffs, this alleged scheme constitutes a breach of a fiduciary duty owed to *both* Plaintiffs Cho and Charm Floral because "Cho was only a shareholder of WIL by virtue of the business relationship between Charm Floral and WIL." Dkt. 30 at 23. Plaintiffs further contend that since Charm Floral is a sole proprietorship, Charm Floral is indistinguishable from Cho.

Plaintiffs have not provided support for such theories. While directors and officers of WIL owe Plaintiff Cho a fiduciary duty in his capacity as a minority shareholder of WIL, he is owed no duty in his capacity as proprietor of Charm Floral. Cho's interests as owner of Charm Floral differ from his interests as a director and minority shareholder of WIL. The directors and

officers of WIL owe a duty to WIL and its shareholders, but Plaintiffs have provided no authority to support the proposition that a director or officer of WIL owes Cho a fiduciary duty in his capacity as owner of Charm Floral. As such, Defendants' Motion for Summary Judgment is granted as to the claim for breach of fiduciary duty arising from the alleged scheme to increase WIL's debt to Charm Floral.

### C. Termination of Plaintiff Cho's Directorship

Plaintiff Cho alleges a violation of RCW 23B.07.050(1) which states that "[a] corporation shall notify shareholders of the date, time, and place of each annual and special shareholders' meeting. Such notice shall be given no fewer than ten nor more than sixty days before the meeting." Plaintiff is both a minority shareholder and a director. Plaintiff complains his position on the board of directors was terminated at a shareholders meeting that occurred without proper notice as required under Washington law. Plaintiff, as a minority shareholder, should have received notice as required by RCW 23B.07.050(1). Indeed, the meeting was held seven days after notice was sent, and as such the meeting of the board of directors was improper. In addition, WIL's bylaws set three days as the minimum notice requirement, "unless otherwise prescribed by statute." Dkt. 25-3, Wald Decl., Ex. H (Bylaws at Art. II, Sec. 4). Because the relevant Washington statute prescribes minimum notice of ten days, Defendant's Motion for Summary Judgment as to this issue must be denied.

### D. Alter Ego Claim

Plaintiffs have brought a claim seeking to disregard WIL's corporate form such that liability may be imposed directly upon Defendant Wald. In Washington, the corporate form may be disregarded where (i) the corporate form was intentionally used to violate or evade a duty, and (ii) disregard is necessary and required to prevent unjustified loss to the injured party. *Morgan v. Burks*, 93 Wn.2d 580, 585, 587 (1980). Moreover, the determination of whether the corporate

form should be disregarded is a question of fact. *Truckweld Equip. Co. v. Olson*, 26 Wn. App. 638, 643 (1980).

To satisfy these elements, Plaintiffs points to Defendant Wald's use of WIL's assets for personal benefit by allegedly using WIL's credit cards, transferring corporate assets, and taking a security interest in WIL. There is at least an issue of material fact as to whether the corporate form was abused to such an extent so as to merit its disregard. Furthermore, there also remains an issue of material fact as to Plaintiffs' alleged injury. Plaintiffs contend that as a creditor of WIL, their injury arises from the alleged "gutting" and subsequent insolvency of WIL. As discussed *supra* in Part IV, Section A of this Order, issues of material fact as to WIL's solvency remain outstanding. As such, the Motion for Summary Judgment is denied as to the alter ego claim.

**E. Derivative Action**

Defendants contend that Plaintiff Cho ought to have brought a shareholder derivative action. Therefore, according to Defendants, the direct action currently before this Court is improper. A director or majority shareholder who has the power to effect corporate transactions owes a fiduciary duty to the minority shareholders. *Gentile v. Roseete*, 906 A.2d 91, 103 (Del. 2006) (The harm to the minority shareholder plaintiffs resulted from a breach of a fiduciary duty owed to them by the controlling shareholder, namely, not to cause the corporation to effect a transaction that would benefit the fiduciary at the expense of the minority stockholders). Furthermore, individual direct actions may be permitted where there is a fiduciary relationship between the parties and the alleged wrongdoer has an obligation to protect the interest of the stockholder. 19 Am.Jur. 2d Corporations § 1956; *Simon v. Mann*, 373 F. Supp. 2d 1196 (D. Nev. 2005) (permitting individual shareholder suits against major shareholder of a closely held corporation claiming breach of fiduciary duty).

In the case before the Court, the majority shareholder controlled the great majority of shares and also acted as a director of a closely held corporation. There is no doubt that Defendant Weld, in his capacity as director and majority shareholder, owed a fiduciary duty to Plaintiff Cho in his capacity as a minority shareholder. As such, Plaintiff Cho is permitted to bring a direct action against the majority shareholder who has a fiduciary obligation towards him.

## V. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant Wald's Motion for Summary Judgment (Dkt. 24) is GRANTED as to Plaintiffs' claim for breach of fiduciary duty resulting from the alleged plan to increase Defendant WIL's debt to Plaintiff Charm Floral.

(2) Defendant Wald's Motion for Summary Judgment is DENIED as to all other claims.

Dated this 27th day of July 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE