UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARM FLORAL, a Hong Kong entity; RAYMOND CHO, a resident of California, | CASE NO. C10-1550-RSM |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL |
| v. | |
| WALD IMPORTS, LTD., a Washington corporation; LOUIS R. WALD, and the marital community of Louis Wald and Julie Wald, Washington residents, | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court upon Plaintiff s' Motion for Relief from Deadline and Motion to Compel Rule 30(b)(6) deposition.  Dkt. #58.  For the reasons set forth below, the motion is GRANTED.

## II. BACKGROUND

On July 21, 2011 Charm Floral's counsel notified counsel for Wald Imports,  Ltd. ("WIL") by email that Charm Floral would seek to depose WIL under Rule 30(b)(6).  Dkt. #59,

1   Ex. 1.  The parties discussed arranging the Rule 30(b)(6) deposition in conjunction with Mr.

2   Wald's pending individual deposition.  *Id.*  Charm Floral served notice of the deposition to WIL

3   on July 27.  The notice indicated that the Rule 30(b)(6) deposition would take place on August 4.

4   *Id.* at Ex. 2.  During a meet and confer conference, WIL's counsel objected to Charm Floral's

5   notice of WIL's deposition as untimely and stated that he would not have enough time to prepare

6   a witness for the deposition given the fact that it listed 27 separate topics.  *Id.* at Ex. 3.   Charm

7   Floral proposed to take the deposition after the discovery cut-off and WIL objected to this

8   suggestion, communicating instead that it would "not be going forward with the 30(b)(6)

9   deposition".  Dkt. #68, Ex. 6.  WIL's counsel also indicated that WIL would be filing a motion

10   for a protective order regarding the deposition, but ultimately WIL did not do so.  *Id.*  Charm

11   Floral filed a motion to compel the deposition, which is now before the Court.

12                                      **III. DISCUSSION**

13          As a preliminary matter, WIL's objection that Charm Floral's motion is untimely is now

14   moot.  The parties stipulated to an extension of the discovery deadline on October 27, 2011 and a

15   revised scheduling order was entered on November 1, 2011.  Dkt. #100.  Charm Floral filed its

16   motion well before the revised discovery motion deadline of January 14, 2012.  Therefore, it

17   cannot be disputed that Charm Floral's motion is now timely.   In any case, even if the parties

18   had not agreed to an extension of the discovery motion deadline, Charm had good cause to file

19   the motion after the deadline because the discovery dispute to which it relates did not arise until

20   after the discovery motion deadline had passed.  *See* Fed. R. Civ. P. 6(b); *see also Lizotte v.*

21   *Praxair, Inc.,* No. 07-1868RSL, 2009 WL 159249, *1 n.1 (W.D. Wash. Jan 22, 2009) ("Plaintiff

22   filed his motion on December 21, 2008, which was after the deadline for filing motions related to

23   discovery. However, the Court finds that plaintiff had good cause to file the motion after the

24

1  deadline because the conduct underlying this motion occurred after the deadline. For that reason,

2  plaintiff could not have filed this motion sooner.").

3       Second, it is the Court's hope that the extension of the discovery deadline has itself

4  rendered this motion moot. Indeed, WIL's primary objection to the Rule 30(b)(6) deposition

5  hinged entirely on counsel's stated inability to prepare for the deposition in the short window of

6  time remaining for discovery. Now that ample discovery time has been added to the calendar, it

7  would seem that WIL would no longer have a basis to object. Nonetheless, the Court assumes

8  the motion is ripe for review, as the parties have not removed it from the calendar. Accordingly,

9  the Court addresses the merits of Charm Floral's motion.

10       Charm Floral argues that WIL waived any objections to the Rule 30(b)(6) deposition by

11  not filing a motion for a protective order prior to the deposition. The Court agrees. Unless a

12  party or witness files a motion for a protective order and seeks and obtains a stay *prior* to the

13  deposition, a party or witness has no basis to refuse to attend a properly noticed deposition. *See*

14  Fed. R. Civ. P. 30(d)(2) (providing that a person designated under Rule 30(b)(6) who fails, after

15  being served with proper notice, to appear for that person's deposition "is not excused on the

16  ground that the discovery sought was objectionable, unless the party failing to act has a pending

17  motion for a protective order under Rule 26(c)."); *see also Pioche Mines Consol., Inc. v.*

18  *Dolman,* 333 F.2d 257, 269 (9th Cir.1964); 8A Wright, Miller & Marcus, *Federal Practice and*

19  *Procedure* § 2035, at 151-52 (3d ed. 2010) ("At least with regard to depositions, the [protective]

20  order should ordinarily be obtained before the date set for the discovery, and failure to move at

21  that time has been held to preclude objection later [.]"); *Koninklike Philips Elec. N.V. v. KXD*

22  *Tech., Inc.,* 2007 WL 3101248, at *18 (Oct. 16, 2007 D. Nev. 2007); *see also Albert v. Starbucks*

23  *Coffee Co.,* 213 F.App'x 1, 1 (D.C.Cir.) (unpublished *per curiam* order) ("Appellant cites no

24

1   supporting authority for the proposition that the mere filing of a motion for protective order

2   *requires* the court to excuse a party's failure to obey a court order compelling attendance at a

3   deposition.  Indeed, the published authority addressing the issue suggests the contrary.") (italics

4   in original).   WIL failed to file a motion for protective order prior to the date of the deposition.[1]

5   Assuming the deposition was properly noticed, WIL waived any objection to the deposition.

6          WIL argues that the deposition was improperly noticed because it was not served within a

7   reasonable time.  Fed. R. Civ. P. 30(b)(1) requires that "a party who wants to depose a person …

8   must give reasonable written notice."  What constitutes reasonable notice depends on the

9   circumstances of each case. *See Hart v. United States,* 772 F.2d 285, 286 (6th Cir.1989).

10  However, more than one week's notice generally is considered reasonable. *See, e.g., Paige v.*

11  *Commissioner,* 248 F.R.D.272, 275 (C.D. Cal. Jan.18, 2008) (finding that fourteen days' notice

12  was reasonable); *Jones v. United States,* 720 F. Supp. 355, 366 (S.D.N.Y.1989) (holding that

13  eight days' notice was reasonable); *see also In re Sulfuric Acid Antitrust Litig.,* 231 F.R.D. 320,

14  327 (N.D.Ill.2005) ("[T]en business days' notice [of a deposition] would seem to be

15  reasonable").  Less than one week generally is not considered reasonable.  *See Gulf Production*

16  *Co., Inc. v. Hoover Oilfield Supply, Inc.,* 2011 WL 891027, at *3 (E.D. La. Mar. 11, 2011)

17  ("courts have ruled that a week or less is not sufficient notice pursuant to the rules") (citing

18  *Memorial Hospice, Inc. v. Norris,* 2008 WL 4844758 (N.D. Miss. Nov. 5, 2008) (finding that

19  three days notice was unreasonable)).  Notice of a week or more is not, however, required in all

20

21

22  [1]  In its response to Charm Floral's motion, WIL requests that the Court enter a protective order
     precluding the 30(b)(6) deposition and that it quash Charm Floral's subpoena for the 30(b)(6)
     deposition. Dkt. #67, p. 9.  "A request for a court order must be made by motion."  Fed. R. Civ.

23  P. 7(b).  Moreover, a motion must be noted for consideration according to this Court's local
     rules.  *See* Local Rule CR 7(d).  Charm Floral's requests for relief were included in a responsive

24  brief and accordingly are not properly before the Court.

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL - 4

1   circumstances. *See, e.g., Natural Organics v. Proteins Plus, Inc.,* 724 F.Supp. 50, 52, n. 3

2   (E.D.N.Y.1989) (noting that one-day notice was reasonable because the parties were on an

3   expedited discovery schedule, the need for a deposition arose suddenly, and deposition was

4   conducted over the telephone).  The amount of topics that a deposition will cover is one of the

5   circumstances that the court considers when determining reasonableness.  *See Gulf Production*

6   *Co., Inc.,* 2011 WL 891027, at *3.

7         Here, Charm Floral indicated to WIL that it would be noticing a Rule 30(b)(6) deposition

8   on July 21.  Charm Floral sent the formal deposition notice to WIL on July 27.  The notice

9   indicated that the deposition would take place on August 4 – more than one week later.  In

10  response to WIL's objections regarding notice, Charm Floral offered to schedule the deposition

11  on August 5 or August 8 or, if WIL would consent to an extension of the discovery cut-off,

12  Charm Floral was willing to conduct the deposition after August 8.  Thus, WIL was given, at

13  minimum, 8 days notice and potentially more notice than that.  While the deposition notice

14  indicated that the deposition would cover many topics, the topics all related directly to the claims

15  and counterclaims in this case.  The notice was reasonable.

16        Because Charm Floral properly noticed the Rule 30(b)(6) deposition, and WIL waived

17  any objection to the contents of the deposition by failing to file a motion for protective order,

18  Charm Floral's motion to compel is GRANTED.

19                 **IV. CONCLUSION**

20  (1) Plaintiffs' Motion for Relief from Deadline and Motion to Compel Rule 30(b)(6)

21        Deposition of Wald Imports Ltd. (Dkt. #58) is GRANTED.

22  (2) If the Rule 30(b)(6) deposition of WIL has yet to take place, WIL's witness is ordered to

23        appear within five business days from the entry of this order.

24

1      (3) The discovery cut-off in this matter is hereby extended to February 29, 2012 for the

2           limited purpose of conducting this deposition.  No other deadlines shall be affected by the

3           entry of this order.

4      (4) The Clerk is directed to forward a copy of this order to all counsel of record.

5           Dated this 9th day of February 2012.

6

7

8                                    RICARDO S. MARTINEZ
                                     UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL - 6